FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE THOMAS LOVELL, JR., <br><br> Plaintiff, <br><br> v. <br><br> SPOKANE COUNTY; SGT. HILL; SPOKANE COUNTY JAIL; and UNKNOWN SPOKANE COUNTY CORRECTIONAL OFFICER, <br><br> Defendants. | No. 2:23-CV-00336-SAB <br><br><br> **ORDER DISMISSING ACTION** |

By Order filed January 24, 2024, the Court advised Plaintiff, a resident of Liberty Lake, Washington, of the deficiencies of his civil rights complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 6. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served. Plaintiff did not comply with the Court's directive and has filed nothing further in this action.

Specifically, the Court found that Plaintiff's attempt to assert violations of the PREA (Prison Rape Elimination Act) was insufficient to state a claim upon which this Court may grant relief. *See Watkins v. Tuolumne Cnty. Jail*, 2019 WL

ORDER DISMISSING ACTION -- 1

95508, at *3 (E.D. Cal. Jan. 3, 2019)("there is nothing in the PREA to indicate that it created a private right of action, [or that it is otherwise] enforceable under § 1983."); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended) (a complaint fails to state a claim if it lacks a cognizable legal theory). Furthermore, Plaintiff's claims of verbal harassment were insufficient to state an Eighth Amendment claim. *See Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir. 1997) (holding that a prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that verbal threats and harassment do not state an Eighth Amendment claim). Finally, Plaintiff failed to present factual allegations supporting a claim of the excessive use of force. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

    Having granted Plaintiff the opportunity to amend or to voluntarily dismiss his Complaint, the Court must assume that his failure to do so is an abandonment of this litigation.

//
//
//
//
//
//
//
//
//
//
//
//

ORDER DISMISSING ACTION -- 2

Accordingly, **IT IS HEREBY ORDERED**:

1. For the reasons set forth above and in the Order to Amend or Voluntarily Dismiss Complaint, ECF No. 6, Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **close** the file.

**DATED** this 26th day of March 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER DISMISSING ACTION -- 3